IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLORIA MARIA MONTOYA SANTIAGO (RAMIREZ), | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 25-397 (MN) ) |
| FBI IMMIGRATION UNIT (WITNESS PROGRAM), *et al.*, | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM OPINION**

Gloria Maria Montoya Santiago (Ramirez), Leesburg, Virginia – *Pro Se* Plaintiff

May 16, 2025
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On March 31, 2025, Plaintiff Gloria Maria Montoya Santiago (Ramirez) initiated this civil action pro se, alleging civil claims against Defendants, whom Plaintiff identifies as follows: (1) FBI Immigration Unit (Witness Program); (2) Mercy Health/Christiana Care/Jefferson Health; (3) US State Department Visa Program/US Department of Homeland Visa Program; (4) Trinity Health/Nazareth Hospital; and (5) Center for Medicaid & Medicare. (*See* D.I. 2). Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to review and screen the Complaint (D.I. 2) pursuant to 28 U.S.C. § 1915(e)(2)(b).

## I.     BACKGROUND

According to the civil cover sheet submitted with the Complaint, this case raises claims related to an alien detainee, immigration action, deportation, administrative decision, labor litigation, medical torts, asset forfeiture, and the Telephone Consumer Protection Act. (D.I. 2-2). The following facts are taken from the Complaint and assumed to be true for purposes of screening. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

Between 1966 and 2090, in New York, New Jersey, Pennsylvania, Maryland, California, Florida, and Michigan, a series of events occurred, which are difficult to follow and do not appear related. (D.I. 2 at 4). On unknown dates, an unnamed third party's United States Citizenship was revoked, and an unnamed member of the United States Military committed rape, resulting in the birth of a child out-of-wedlock. (*Id.* at 3). Also on unknown dates, Plaintiff divorced and relocated from Kansas to "Pennsylvania/Delaware" with a number of international advanced degrees. (*Id.* at 4). Plaintiff also filed a series of state and federal lawsuits, raising a wide range of issues and concerns, none of which appear to personally involve Plaintiff, including wrongful detainment, forced poverty, rape, refusal of medical treatment, hostage taking, segregation, torture, child abuse, abortion, war crimes, gang activity, murder, and "education discrepancies." (*Id.* at 5-6).

According to the Complaint, Plaintiff sustained injuries from the foregoing in the form of dermatological scars, mandibular jaw damage, parasitic brain damage, iris damage, loss of smell, and "delayed reconstructions of skull/breast/gynecological organs." (*Id.* at 7). Plaintiff seeks money damages to cover the cost of medical procedures, injunctive relief to stop destructive acts that are harming Plaintiff, and other difficult-to-follow forms of relief involving witness protection, "disease freedom," and preservation of "the American family dynamics." (*Id.*).

Attached to the Complaint are seemingly unrelated documents, including the following: IRS tax and identity theft forms; an inmate telephone ID number release form; medical laboratory test results; a pamphlet of guest rules for a faith-based temporary emergency shelter; a Jollibee coupon; a work/school medical excuse letter; a la Madeleine kids menu; a housing case manager request form; a ChristianaCare map; flyers for the UPS Store and Charleys Cheesesteaks; and informational materials on New Castle County library tax services, the loss of Medicaid or CHIP, Delaware public transit, and a nonprofit organization serving the immigrant community in the DC-area. (D.I. 2-1).

II.   **DISCUSSION**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). When a plaintiff proceeds *pro se*, the pleading is liberally construed, and the complaint, "however inartfully pleaded, must

be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp*., 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Even when liberally construing Plaintiff's pleading and reviewing the Complaint in the light most favorable to her, the Complaint must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), because it is clearly frivolous and fails to state a claim. A thorough review of the allegations in the Complaint (D.I. 2) and the documents submitted in support (D.I. 2-1) reveals no possibility of any viable claim before this Court. As such, amendment is futile and this case will be closed.

### III.   CONCLUSION

For the above reasons, the Court will dismiss with prejudice the Complaint (D.I. 2), pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

An appropriate Order will be entered.